UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NSK INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TEKMART INTEGRATED MANUFACTURING SERVICES LIMITED, <br><br> Defendant. | Case No. 5:22-cv-2335 <br><br> CHIEF JUDGE SARA LIOI <br><br> MEMORANDUM OPINION AND ORDER |
| TEKMART INTEGRATED MANUFACTURING SERVICES LIMITED, <br><br> Third-Party Plaintiff/ Counterclaim Defendant, <br><br> vs. <br><br> DOMETIC CORPORATION, <br><br> Third-Party Defendant/ Counterclaim Plaintiff. | |

Now before the Court is the motion of defendant and third-party plaintiff/counterclaim defendant, Tekmart Integrated Manufacturing Services Limited ("TIMS"), filed August 28, 2024, to extend discovery deadlines. (Doc. No. 74 (Motion).) Third-party defendant, Dometic Corporation ("Dometic"), opposes the motion. (Doc. No. 75 (Opposition).) Plaintiff, NSK

Industries (NSK), does not oppose the motion but also "does not agree" to TIMS's requested relief. (Motion at 6.) Also before the Court is TIMS' motion for protective order (Doc. No. 77 (Motion for Protective Order)) and Dometic's opposition to the motion (Doc. No. 81 (Opposition to Protective Order)).

On November 22, 2022, NSK filed this breach of contract action against TIMS in the Common Pleas Court of Summit County, Ohio. (Doc. No. 1 (Notice of Removal).) On December 29, 2022, defendant filed notice of removal of this action to this Court. (*Id.*) On August 9, 2023, TIMS then filed a third-party complaint against Dometic. (Doc. No. 24 (Third-Party Complaint).)

On August 25, 2023, after receiving input from all three parties, the Court established amended case management dates and deadlines to govern the case. (Doc. No. 28 (First Amended Case Management Plan and Trial Order).) Pertinent to the present motion, on May 6, 2024, the parties then requested a 90-day extension of all discovery deadlines set in the First Amended Case Management Plan and Trial Order. (Doc. No. 63 (Stipulated Motion for Extension of All Discovery Deadlines).) The Court granted that extension on May 30, 2024, and indicated that "there will be no further extensions of the deadlines in this case." (*See* Order [non-document], 05/30/2024.) As requested by the parties, the Second Amended Case Management Plan and Trial Order set September 26, 2024, as the deadline for completing fact discovery, October 10, 2024, as the deadline for identifying experts and providing reports, October 24, 2024, as the deadline for identifying rebuttal experts and providing reports, and November 13, 2024, as the deadline for completing expert discovery. (Doc. No. 65 (Second Amended Case Management Plan and Trial Order).)

Less than a month before the deadline for fact discovery, TIMS now moves to extend all discovery deadlines by another 30 days. (Motion at 1.) In support, TIMS represents that it has "good cause" for the extension because one of its two lead attorneys, Henry Becker from the law firm of ScottHulse, PC, recently quit the firm, leaving its other lead attorney, James M. Feuille, also from the law firm of ScottHulse, PC, "without an associate attorney" in this matter. (*Id.* at 2.) TIMS' remaining lead counsel (Mr. Feuille) further represents that he "has no availability to complete depositions in the instant case in September, due to previously scheduled depositions, hearings, and trial settings in other cases." (*Id.* at 3.)

In opposing the motion, Dometic insists that Mr. Feuille's unavailability "does not constitute good cause for modifying the [Case Management Plan and Trial] Order, both as a matter of fact and as a matter of law." (Opposition at 2.) Dometic underscores that TIMS has other attorneys of record in this case, including two from a large, national law firm, Lewis Brisbois Bisgaard & Smith, LLP ("Lewis Brisbois"), and that TIMS does not satisfactorily explain why either of these attorneys—or other attorneys at that firm—are also unavailable to assist. (*Id.* at 6.) Citing case law, Dometic submits that "[a]n argument 'that the current scheduling order is impractical or unworkable does not constitute good cause to amend the scheduling order.'" (*Id.* (quoting *Todd v. Hyster-Yale Grp., Inc.,* 5:18-cv-468, 2019 WL 1938792, at *3 (E.D. Ky. May 1, 2019).)

"Rule 16 [of the Federal Rules of Civil Procedure] permits district courts to amend the pretrial scheduling order provided that the movant demonstrates 'good cause.'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (affirming trial court's denial of plaintiff's motion to extend expert discovery deadlines for want of good cause (quoting Fed. R. Civ. P.

3

16(b)(4))). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Id*. (quoting *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2001)); *see also Dowling v. Cleveland Clinic Found*., 593 F.3d 472, 478 (6th Cir. 2010) (listing factors—including when the party learned of the issue that is the subject of discovery, the length of the discovery period, and any dilatory conduct by the moving party—to guide consideration of requests to amend the court's scheduling order (citation omitted)).

The Court finds that TIMS has failed to demonstrate that it exercised diligence in attempting to meet the Court's deadlines. According to Dometic (and not disputed by TIMS), on March 7, 2024, Dometic propounded interrogatories on TIMS, but TIMS did not provide answers to those interrogatories until May 24, 2024, and those answers were "severely deficient and nebulous—particularly in response to the interrogatories asking TIMS to identify the documents and terms that form the basis for the contract alleged by TIMS."[1] (Opposition at 2). (The Court has reviewed TIMS' interrogatory answers and agrees with Dometic's characterization of same.) Dometic promptly raised the deficiencies to TIMS. (*Id*.) According to Dometic, although TIMS agreed to supplement its answers, it did not do so until August 15, 2024, and the supplemental

---

[1] In the third-party complaint, TIMS claims that there was "no overarching written contract" between TIMS and Dometic. (*Id.* at ¶ 6.) Rather, TIMS and Dometic "regularly corresponded with one another to consult regarding Dometic's ongoing demand for Product, with their communications and conduct establishing the metes and bounds of their contractual responsibilities." (*Id.*) Thus, as alleged by TIMS, in addition to written purchase orders between TIMS and Dometic, some other sort of agreement exited between the parties for products that was based, in part, upon Dometic's "forecasts and explicit communications." Further, according to TIMS, these forecasts and explicit communications required TIMS to purchase component parts from specific suppliers so that TIMS could make product for Dometic. In turn, Dometic was required to purchase the additional orders from TIMS that TIMS assembled based upon the forecasts. TIMS alleges that Dometic breached its agreement with TIMS when it suddenly cancelled all orders that TIMS has been anticipating based upon what Dometic described a drop in demand. (*Id.* at ¶¶ 20–26.) Given the allegations, it is understandable why Dometic served discovery calculated to obtain proof of the agreement alleged.

answers still did not provide "meaningful information about the documents and terms underlying the alleged (and still unidentified) contract." (*Id.*) TIMS then agreed to provide its final supplemental answers on August 30, 2024—nearly five months after they were originally due and, as Dometic notes, over one year after the third-party complaint was filed against Dometic alleging the breach of an alleged agreement between TIMS and Dometic. (*Id.* at 3.)

Additionally, as described in Dometic's Opposition, TIMS has been similarly dilatory in responding to documents requests that Dometic served upon TIMS on March 25, 2024. (*Id.*) While the Court is aware that TIMS has indicated that some of its emails have been the subject of a ransomware cyberattack, according to Dometic, TIMS had access to other emails and documents that were responsive to the document request, yet TIMS did not produce the majority of the documents that they had until August 19, 2024. (*Id.*) Again, TIMS does not dispute these facts.

As it pertains to the depositions that Dometic seeks to conduct in September, and for which TIMS seeks to have the deposition notices quashed, on August 13, 2024, and again on August 16, 2024, Dometic addressed with TIMS the need to set depositions by the close of fact discovery (which ends on September 26, 2024) and before the mediation (which is scheduled to take place on October 1, 2024). (*Id.* at 4–5.) Having not received any dates from TIMS to conduct any of the depositions, on August 28, 2024, Dometic served deposition notices for five witnesses to take place before the close of fact discovery on September 26, 2024, and prior to the mediation scheduled for October 1, 2024. (*Id.*) TIMS' counsel now complains about the dates of the noticed depositions, saying that he does not have time in September due to other matters on his schedule. (Motion at 3–4; Motion for Protective Order at 2–3.) But Dometic points out that there are two other attorneys from the national law firm of Lewis Brisbois, John Conley and Moriah Cheatham

5

Williams, both of whom are counsel of record, who could defend the depositions. (Opposition at 5; Opposition to Protective Order at 2.) Indeed, Ms. Williams defended an earlier deposition in the case. (Opposition at 5.) Additionally, Mr. Conley and Ms. Williams have been listed as counsel for TIMS in pleadings filed on TIMS' behalf. (*See e.g.,* Doc. Nos. 4, 24, 29.)

The Court finds that, given TIMS' failure to cooperate in scheduling mutually convenient dates for the depositions, Dometic was within its right to unilaterally select dates for the depositions.

Even though TIMS has failed to demonstrate good cause for the requested fact discovery extension and to quash the notices for the depositions served by Dometic, the Court will grant a 30-day extension only for purposes of completing the noticed depositions, which must now be conducted by Friday, October 25, 2024. Additionally, in the event that Dometic wishes to conduct some of the depositions prior to the mediation scheduled for October 1, 2024, the Court will permit no more than two of the depositions to take place in September. TIMS must cooperate in the scheduling of the depositions should Dometic wish to proceed with them in September and Dometic must work in good faith to select mutually convenient dates for the depositions. Similarly, the parties must cooperate to find mutually convenient dates for the depositions that will take place in October.

Accordingly, TIMS' motion to extend the discovery deadlines established in the Second Amended Case Management Plan and Trial Order (Doc. No. 74) is denied except as provided herein. Further, TIMS' motion for a protective order and to quash the subpoena notices (Doc. No. 77) is denied, in part, as set forth herein.

**IT IS SO ORDERED**.

Dated: September 9, 2024

                                          **HONORABLE SARA LIOI**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**